IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ENERGY PARTNERS, LTD., <u>et al.</u>,[1] | : | Case No. 09-32957 |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |

EXPEDITED APPLICATION FOR AN ORDER TO RETAIN AND
EMPLOY HOULIHAN LOKEY HOWARD & ZUKIN CAPITAL, INC.
AS FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF
UNSECURED NOTEHOLDERS OF ENERGY PARTNERS, LTD., ET AL.,
<u>NUNC PRO TUNC TO THE EFFECTIVE DATE</u>

A HEARING WILL BE CONDUCTED ON THIS MATTER ON JULY 15, 2009, AT 10:30 A.M. IN COURTROOM 600, 515 RUSK STREET, HOUSTON, TEXAS 77002.

THIS EXPEDITED APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST RAISE AN OBJECTION AT THE HEARING.  IF YOU DO NOT RAISE AN OBJECTION AT THE HEARING, THE RELIEF MAY BE GRANTED.  IF YOU OPPOSE THE EXPEDITED APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE EXPEDITED APPLICATION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.

TO THE HONORABLE JEFF BOHM
UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Unsecured Noteholders (the "<u>Noteholders Committee</u>") of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") hereby files this expedited application (the "<u>Application</u>") for an order, pursuant to sections 1103 and 328 of chapter 11 of title 11 of the United States Code

---

[1]   The debtors in these chapter 11 cases are:  Energy Partners, Ltd. ("<u>EPL</u>"); EPL Pipeline, L.L.C.; Nighthawk, L.L.C.; EPL of Louisiana, L.L.C.; Delaware EPL of Texas, LLC; and EPL Pioneer Houston, Inc.

(11 U.S.C. §§ 101 et seq.) (the "Bankruptcy Code"), rule 2014 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") and Bankruptcy Local Rule 2014(b)

authorizing the Noteholders Committee to retain and employ Houlihan Lokey Howard &

Zukin Capital, Inc. ("Houlihan Lokey") as its financial advisors in these chapter 11 cases,

nunc pro tunc to the Effective Date.  In support of this Application, the Noteholders

Committee submits the Affidavit of Adam Dunayer (the "Dunayer Affidavit"), a copy of

which is incorporated herein by reference and attached hereto as Exhibit A, and further

represents as follows:

### Jurisdiction and Venue

1.      This Court has jurisdiction to consider this matter pursuant to

28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

Venue for this proceeding is proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409.

### Background

2.      On May 1, 2009 (the "Petition Date"), each of the Debtors

commenced cases under chapter 11 of the Bankruptcy Code in the United States

Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court").

The Debtors are authorized to continue to operate their businesses and manage their

properties as debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code.

3.      On May 15, 2009, the Debtors filed their plan and disclosure

statement in these chapter 11 cases.  On June 11, 2009, the Debtors filed an amended

plan (the "Plan") and disclosure statement.

4.      On June 1, 2009, the United States Trustee for the Southern District of Texas (the "U.S. Trustee") filed a notice of appointment of the official committee of unsecured creditors (the "Creditors Committee"), pursuant to section 1102 of the Bankruptcy Code. [2]

5.      On June 3, 2009, pursuant to section 1102 of the Bankruptcy Code, the U.S. Trustee filed a notice of appointment of the Noteholders Committee, which represents the interests of unsecured noteholders in these chapter 11 cases.   The Noteholders Committee is comprised of the following members:  Wexford Capital, LP (as investment advisor to Wexford Funds); The K2 Principal Fund, LP; Carlson Capital LP; Third Point LLC; Farallon Capital Management LLC; and Whitebox Advisors.

6.      On June 29, 2009, pursuant to section 1102 of the Bankruptcy Code, the U.S. Trustee filed a notice of appointment of the official committee of equity security holders (the "Equity Holders Committee").[3]   On July 10, 2009, the Equity Holders Committee retained, subject to this Court's approval, Tudor, Pickering, Holt & Co. Securities, Inc. ("Tudor") to serve as its financial advisor in connection with its potential objection to the Plan, specifically as it relates to the treatment of interests held by the Equity Holders Committee's constituency.

7.      The Noteholders Committee voted to retain Houlihan Lokey as its financial advisors effective as of July 10, 2009 (the "Effective Date").  By letter dated July 14, 2009, the Noteholders Committee and Houlihan Lokey entered into an

---

[2]  The Creditors Committee consists of the following members: Production Services Networks U.S. Inc.; Superior Energy Services; Knight Oil Tools; Elevating Boats, LLC; and Blanchard Contractors, Inc.

[3] The Equity Holders Committee consists of the following members:  Birch Run Capital Partners, LP; High Energy, LLC; and Michael G. Thompson Family Properties, LLC.

agreement (the "<u>Engagement Letter</u>"), pursuant to which Houlihan Lokey agreed to serve as financial advisors to the Noteholders Committee.  A copy of the Engagement Letter is attached hereto as Exhibit B.[4]

### Relief Requested

8.     Pursuant to sections 1103 and 328 of the Bankruptcy Code, Bankruptcy Rule 2014, Bankruptcy Local Rule 2014(b) and this Court's Amended Initial Order Granting Chapter 11 Complex Case Treatment, dated May 8, 2009 [Dkt. 84] (the "<u>Complex Case Order</u>"), the Noteholders Committee seeks to retain and employ Houlihan Lokey as financial advisors in these chapter 11 cases, <u>nunc</u> <u>pro</u> <u>tunc</u> to the Effective Date.

### Basis for Relief Requested

9.     Sections 328(a) and 1103(a) of the Bankruptcy Code permit a duly appointed committee, with the approval of the Bankruptcy Court, to retain and employ professionals, including financial advisors.  As required by Bankruptcy Rule 2014(a),[5] this Application and the Exhibits attached hereto set forth:  (a) the specific facts showing the necessity for Houlihan Lokey's employment; (b) the reasons for the Noteholders

---

[4] The Noteholders Committee proposes that the Engagement Letter be effective as of the Effective Date.

[5] Bankruptcy Rule 2014 (a) provides that an application seeking the employment of professional persons pursuant to section 1103 of the Bankruptcy Code:

> shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.  The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

Committee's selection of Houlihan Lokey as its financial advisors in connection with the chapter 11 cases; (c) the professional services proposed to be provided by Houlihan Lokey; (d) the arrangement between the Noteholders Committee and Houlihan Lokey with respect to Houlihan Lokey's compensation (as well as the reasonableness thereof); and (e) to the best of the Noteholders Committee's knowledge, the extent of Houlihan Lokey's connections, if any, to certain parties in interest in these matters.

10.     Further, retention and employment of Houlihan Lokey _nunc pro tunc_ to the Effective Date is appropriate under Bankruptcy Local Rule 2014(b)(1), which provides, in relevant part, that an application for employment of a professional filed within thirty days of the professional's commencement of services is deemed to be contemporaneous with the start of those services.[6]

11.     Moreover, in light of the impending confirmation hearing scheduled in these cases and the Equity Holders Committee's retention of Tudor to potentially challenge the valuation ascribed in the Plan to the Debtors and their businesses, the Noteholders Committee believes that it is critical that it retain a financial advisor to provide advisory services to it including, but not limited to, conducting an independent valuation analysis of the Debtors and evaluating any valuation analysis put forth in these cases by the Debtors and Equity Holders Committee.   Accordingly, the Noteholders Committee believes that an expedited decision on Houlihan Lokey's retention and employment is warranted under the Complex Case Order.

### _Houlihan Lokey's Qualifications and Services to Be Provided_

---

[6] Specifically, Bankruptcy Local Rule 2014(b)(1) provides with respect to _nunc pro tunc_ applications that "[i]f an application for approval of the employment of a professional is made within thirty days of the commencement of that professional's provision of services, it is deemed contemporaneous."  S.D. of Tex. BLR 2014(b)(1).

12.     Houlihan Lokey is well suited to serve as financial advisors to the Noteholders Committee.  Established in 1970, Houlihan Lokey is an international investment banking/financial advisory firm, with fourteen offices in the United States, Europe and Asia and more than 800 employees.  Houlihan Lokey provides corporate finance and financial advisory services, as well as execution capabilities, in a variety of areas, including financial restructuring.  The firm has one of the largest worldwide financial restructuring practices of any investment bank.  Houlihan Lokey annually serves more than 1,000 clients ranging from closely held companies to Global 500 corporations.

13.     In connection with its financial restructuring practice, Houlihan Lokey has served as advisors and investment bankers to troubled companies, both inside and outside of bankruptcy, as well as to their bondholders, banks, other secured and unsecured creditors, official creditor and equity committees, acquirers, equity sponsors and other parties-in-interest involved with financially challenged companies.  Houlihan Lokey's Financial Restructuring Group consists of over 150 professionals dedicated to financial restructuring engagements in offices throughout the United States and overseas, and has advised on over 500 transactions (valued in excess of $1.25 trillion) over the past ten years, including a number of representations involving entities in the energy arena.[7]

14.     Significantly, Houlihan Lokey has extensive valuation experience and has provided valuation advisory services in numerous chapter 11 cases, including those of American Commercial Lines, Inc.; AMF Bowling Worldwide, Inc.; Adelphia Communications Corporation (Frontier Vision, L.P.); Entergy New Orleans, Inc.; Granite

---

[7] Houlihan Lokey's financial restructuring representations in the energy sector, include: AltraBiofuels, Inc.; Aventine Renewable Energy, Inc.; Calpine Corporation; Enron Corporation; KCS Energy, Inc.; NRG Energy, Inc.; PG&E Corporation; SemGroup, L.P.; Southern California Edison Company; and VeraSun Energy Corporation.

Broadcasting Corporation; Grove Worldwide, LLC; Harnischfeger Industries, Inc.; Mirant Americas Generation, LLC; Nellson Nutraceuticals, Inc.; Northwestern Corporation; and Trump Hotels & Casino Resorts.   Based on Houlihan Lokey's substantial restructuring and valuation experience involving distressed entities, and the need for the Noteholders Committee to retain a financial advisor to conduct an independent valuation analysis in these cases, the Noteholders Committee believes that the retention and employment of Houlihan Lokey to serve as financial advisors is proper.

15.     Accordingly, the Noteholders Committee respectfully submits that it is necessary and appropriate for it to retain and employ Houlihan Lokey to provide, among other things, financial advisory services to it on matters relating to the restructuring of the Debtors, including, but not limited to:

- evaluating the Debtors' debt capacity and enterprise valuation;

- analyzing business plans and forecasts of the Debtors;

- evaluating the assets and liabilities of the Debtors;

- analyzing and reviewing the financial and operating statements of the Debtors;

- assessing the financial issues and options concerning the Debtors' chapter 11 plan(s) of reorganization or liquidation or any other chapter 11 plan(s);

- providing such financial analyses as the Noteholders Committee may require in connection with the cases;

- representing the Noteholders Committee in negotiations with the Debtors and third parties with respect to any of the foregoing;

- providing testimony in court and in depositions on behalf of the Noteholders Committee with respect to any of the foregoing, if necessary; and

- providing such other financial advisory services as may be agreed upon by Houlihan Lokey and the Noteholders Committee.

Based on Houlihan Lokey's significant experience with financial restructurings, valuation, and the energy industry, the Noteholders Committee believes Houlihan Lokey's financial advisory services to the Noteholders Committee will be invaluable in assisting it and its other professionals in maximizing value for the Noteholders Committee's constituency.

### *Compensation and Fee Applications*

16.    Subject to the Court's approval of this Application and the terms of the Engagement Letter, Houlihan Lokey intends to charge the following for services rendered on behalf of the Noteholders Committee: (a) a nonrefundable initial fee of $500,000 (the "Initial Fee"); and (b) a nonrefundable additional fee of $100,000 (the "Additional Fee" together, with the Initial Fee, the "Fees") for each of the periods from (i) August 1, 2009 through August 15, 2009, and (ii) August 16, 2009 through August 31, 2009.  Houlihan Lokey will also seek reimbursement of its actual and necessary out-of-pocket business expenses.

17.    The Noteholders Committee believes that the Fees contemplated under the Engagement Letter are reasonable in light of the services that Houlihan Lokey will be providing to it.  In connection with the Fees to be paid to Houlihan Lokey under the Engagement Letter, the Noteholders Committee requests that the Court waive any requirements that Houlihan Lokey (a) track time for its services in tenth of an hour increments; and (b) allocate time in project categories.  Rather, the Noteholders Committee requests that Houlihan Lokey be allowed to submit a final fee application

setting forth, in reasonable detail, the nature of the services it has rendered on behalf of the Noteholders Committee in connection with its engagement in these cases.

18.     Houlihan Lokey has agreed to apply to the Court for compensation for professional services rendered and reimbursement of expenses incurred in connection with these chapter 11 cases, except as otherwise ordered by the Court, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules of this Court.   Houlihan Lokey has agreed to accept as compensation such sums as may be allowed by the Court, and understands that fee awards are subject to approval by this Court.

19.     Furthermore, the indemnification provisions of the type specified in the Engagement Letter are reasonable for engagements of this type, both out of court and in chapter 11 cases, and generally reflect the type of qualifications and limitations on indemnification provisions that have been approved by this Court.   See, e.g., In re Energy Partners, Ltd., et al., Case No. 09-32957 (Bankr. S.D. Tex. May 27, 2009) [Dkt. 176].

20.     To the best of the Noteholders Committee's knowledge and except as otherwise disclosed in the Dunayer Affidavit:  (a) Houlihan Lokey has no connection with the Debtors, their affiliates, their creditors, this Court, the U.S. Trustee, any people employed by the U.S. Trustee or any other parties with an actual or potential interest in these chapter 11 or their respective attorneys and accountants; (b) Houlihan Lokey is not a creditor, equity security holder or insider of the Debtors or their respective estates; (c) Houlihan Lokey is not and was not, within two years of the Petition Date, a director, officer or employee of the Debtors; (d) Houlihan Lokey does not hold an interest materially adverse to the interests of the Debtors or their respective estates or of any

class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtors or for any other reason; and (e) Houlihan Lokey does not hold or represent any interest adverse to the Noteholders Committee in matters for which it is to be retained. Accordingly, Houlihan Lokey is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code.

21.     If, and when, additional information becomes available with respect to other relationships, which may exist between the Debtors and Houlihan Lokey, creditors, or any other parties in interest which may be viewed to impair Houlihan Lokey 's ability to render services to the Noteholders Committee, Houlihan Lokey will disclose such information to the Court in the form of supplemental disclosures to the Dunayer Affidavit.

## Notice

22.     Notice of this pleading will be provided by e-mail, facsimile, or overnight delivery to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) the Debtors; (c) the Debtors' attorneys and professionals; (d) counsel for the agent to the Debtors' prepetition secured lenders; (e) counsel to the indenture trustees for the Debtors' unsecured bonds; (f) counsel for the Creditors Committee; (g) proposed counsel for the Equity Holders Committee; (h) the Debtors' surety providers; (i) the Minerals Management Service; (j) the Securities and Exchange Commission; (k) the Internal Revenue Service and all governmental agencies required to receive notice under the Bankruptcy Rules and the Bankruptcy Local Rules; and (l) those persons or entities that formally appear and request service in these cases pursuant to Rule 9010(b) of the Bankruptcy Rules.

**Conclusion**

WHEREFORE, the Noteholders Committee requests that the Court enter an order, substantially in the form attached hereto as Exhibit C, authorizing the Noteholders Committee to retain Houlihan Lokey as its financial advisor in these cases <u>nunc</u> <u>pro</u> <u>tunc</u> to the Effective Date, and granting such other and further relief as may be just and proper.

Dated:  July 14, 2009

Respectfully submitted,


/s/  *Arthur Amron*
Arthur Amron, Wexford Capital, LP.
Chair of the Official Committee of Unsecured
Noteholders of Energy Partners, Ltd., <u>et</u> <u>al</u>.


Filed By:   /s/  *Tom A. Howley*
   Tom A. Howley
   Texas Bar Number 24010115
   717 Texas Avenue, Suite 3300
   Houston, TX  77002
   Telephone: 832-239-3939
   Facsimile: 832-239-3600
   tahowley@jonesday.com

   -and-

   Paul Leake
   Scott A. Griffin
   Justin F. Carroll
   222 East 41st Street
   New York, New York  10017-6702
   Telephone: 212-326-3939
   Fax: 212-755-7306
   pdleake@jonesday.com
   sagriffin@jonesday.com
   jfcarroll@jonesday.com

   Proposed Counsel for Official
   Committee of Unsecured Noteholders
   of Energy Partners, Ltd., <u>et</u> <u>al</u>.

**EXHIBIT A**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ENERGY PARTNERS, LTD., et al.,[1] | : | Case No. 09-32957 |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |

### AFFIDAVIT OF ADAM DUNAYER IN SUPPORT OF THE
### EXPEDITED APPLICATION FOR AN ORDER TO RETAIN AND
### EMPLOY HOULIHAN LOKEY HOWARD & ZUKIN CAPITAL,
### INC. AS FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE
### OF UNSECURED NOTEHOLDERS OF ENERGY PARTNERS, LTD., ET AL.,
### NUNC PRO TUNC TO THE EFFECTIVE DATE

I, Adam Dunayer, being duly sworn, deposes and says:

1.  I am a Managing Director of Houlihan Lokey Howard & Zukin Capital, Inc. ("Houlihan Lokey") and am duly authorized to make this Affidavit on behalf of Houlihan Lokey. The facts set forth in this Affidavit are personally known to me and, if called as a witness, I could and would testify thereto.

2.  This Affidavit is submitted in support of the Expedited Application (the "Application") for an Order to Retain and Employ Houlihan Lokey Howard & Zukin Capital, Inc. as Financial Advisors to the Official Committee of Unsecured Noteholders (the "Noteholders Committee") of Energy Partners, Ltd., et al., nunc pro tunc to the Effective Date.[2]

3.  This Affidavit is also submitted as the statement required pursuant to sections 1103 and 328(a) of the Bankruptcy Code and Rule 2014(a) of the Bankruptcy Rules.

4.  Established in 1970, Houlihan Lokey is an international investment banking/financial advisory firm, with fourteen offices in the United States, Europe and Asia and

---

[1]  The debtors in these chapter 11 cases are:  Energy Partners, Ltd. ("EPL"); EPL Pipeline, L.L.C.; Nighthawk, L.L.C.; EPL of Louisiana, L.L.C.; Delaware EPL of Texas, LLC; and EPL Pioneer Houston, Inc.

[2]  All terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

more than 800 hundred employees. Houlihan Lokey provides corporate finance and financial advisory services, as well as execution capabilities, in a variety of areas, including financial restructuring. The firm has one of the largest worldwide financial restructuring practices of any investment bank. Houlihan Lokey annually serves more than 1,000 clients ranging from closely held companies to Global 500 corporations.

5.     Through its Financial Restructuring Group, Houlihan Lokey is one of the leading advisors and investment bankers to troubled companies, both inside and outside of bankruptcy, as well as to their bondholders, banks, other secured and unsecured creditors, official creditor and equity committees, acquirers, equity sponsors and other parties-in-interest involved with financially challenged companies. Houlihan Lokey's Financial Restructuring Group consists of over 150 professionals dedicated to financial restructuring engagements in offices throughout the United States and overseas, and has advised on over 500 transactions (valued in excess of $1.25 trillion) over the past ten years, including a number of representations involving entities in the energy arena.[3]

6.     Notably, Houlihan Lokey has extensive valuation experience and has provided valuation advisory services in numerous chapter 11 cases, including those of American Commercial Lines, Inc.; AMF Bowling Worldwide, Inc.; Adelphia Communications Corporation (Frontier Vision, L.P.); Entergy New Orleans, Inc.; Granite Broadcasting Corporation; Grove Worldwide, LLC; Harnischfeger Industries, Inc.; Mirant Americas Generation, LLC; Nellson Nutraceuticals, Inc.; Northwestern Corporation; and Trump Hotels & Casino Resorts.

---

[3] Houlihan's financial restructuring representations in the energy sector, include: AltraBiofuels, Inc.; Aventine Renewable Energy, Inc.; Calpine Corporation; Enron Corporation; KCS Energy, Inc.; NRG Energy, Inc.; PG&E Corporation; SemGroup, L.P.; Southern California Edison Company; and VeraSun Energy Corporation.

7.     Houlihan Lokey has agreed to provide financial advisory services to the Noteholders Committee in the above-captioned chapter 11 cases pursuant to the terms and conditions of the Engagement Letter.

8.     In addition to me, the principal professionals who have rendered, and are expected to render, services to the Noteholders Committee are as follows: Scott Baxter, Michael Boone, Jim Hanson, Carl Miller, Chris Bonanni, and Ryan Huttar.  A summary of the qualifications of the principal professionals is attached hereto as Exhibit 1 and is incorporated herein by this reference.

9.     By way of further disclosure:

a)  From time to time, Houlihan Lokey's Financial Restructuring Group, which is providing the services in these cases, has provided services, and likely will continue to provide services to certain attorneys, other professionals, creditors (including lenders) and/or security holders of the Debtors and various other parties, some of whom may be providing services to, or may be adverse to, or may be otherwise connected to, the Debtors, in each case in matters unrelated to these chapter 11 cases.

b)  In addition to its Financial Restructuring Group, Houlihan Lokey and the other subsidiaries of its direct parent company, Houlihan, Lokey, Howard & Zukin, Inc., that are engaged in providing investment banking and financial advisory services globally (collectively, the "Houlihan Lokey Group") provide services to a wide range of institutions and individuals and may in the past have had, and may currently or in the future have, financial advisory or other investment banking relationships with parties that may have interests with respect to the Debtors.  In the ordinary course of business, investment funds affiliated with the Houlihan Lokey Group and certain of the Houlihan Lokey Group's employees, as well as investment funds in which such employees may have financial interests, but over whose investment decisions such employees have no input or control, may acquire, hold or sell, long or short positions, or trade or otherwise effect transactions, in debt, equity, and other securities and financial instruments (including bank loans and other obligations) of, or investments in, the Debtors or other parties that may have an interest in these chapter 11 cases or have other relationships with such parties.  With respect to any such securities, financial instruments and/or investments, all rights in respect of such securities, financial instruments and investments, including any voting rights, will be exercised by the holder of the rights, in its sole discretion.  Moreover, the Houlihan Lokey employees who are working on these chapter 11 cases are subject to compliance

mechanisms and policies and procedures designed to prevent confidential, non-public information from being improperly shared.

c) The Houlihan Lokey Group's Hedge Fund and Derivatives Valuation Services Group provides valuation opinions on the securities and derivative holdings of various business development companies, private equity firms and hedge funds, which may include debt securities of the Debtors. This work is unrelated to the financial advisory services that Houlihan Lokey intends to provide in these chapter 11 cases. Moreover, the Houlihan Lokey Group, through the establishment of an "Information Wall" has separated its employees in the Hedge Fund and Derivatives Valuation Services Group from the rest of the employees of the Houlihan Lokey Group. This "Information Wall" includes physical and technological barriers, compliance mechanisms and policies and procedures designed to prevent confidential, non-public information and work product from being shared improperly.

d) Houlihan Lokey personnel may have business associations with certain creditors of the Debtors or counsel or other professionals involved in these chapter 11 cases on matters unrelated to these chapter 11 cases. In addition, in the ordinary course of its business, Houlihan Lokey may engage counsel or other professionals in unrelated matters who now represent, or in the future may represent, creditors or other interested parties in these chapter 11 cases.

e) Houlihan Lokey is indirectly majority-owned by ORIX USA Corporation, an affiliate of ORIX Corporation, a diversified financial services company based in Japan (collectively, "ORIX"), which has a wide-range of business interests in 26 countries. ORIX's businesses (other than the Houlihan Lokey Group) are not managed or controlled by the Houlihan Lokey Group or any of its employees and the Houlihan Lokey Group has no input into any of ORIX's decisions regarding its other businesses. While ORIX does control a majority of the equity of the Houlihan Lokey Group (approximately 48% of the common equity is held by Houlihan Lokey Group employees), the Houlihan Lokey Group is operated as a separate business from all other ORIX entities. As evidence of this separateness, (i) the Houlihan Lokey Group is governed by a 15-person board of directors, eleven of whom are Houlihan Lokey Group employees and four are designated by ORIX, (ii) the activities of the Houlihan Lokey Group are managed on a day-to-day basis exclusively by Houlihan Lokey Group employees, (iii) only the profits and losses of the Houlihan Lokey Group businesses are taken into account in valuing the equity of the Houlihan Lokey Group and (iv) the aggregate annual compensation of Houlihan Lokey Group professionals is set by formula and ORIX has no input in determining that amount.

10.     To determine its relationship with parties in interest in these chapter 11 cases, Houlihan Lokey has researched the client databases maintained with respect to the Houlihan Lokey Group to determine whether it has any relationships with the entities (individually an

"Interested Party" and collectively, the "Interested Parties") that were identified to Houlihan Lokey by counsel to the Noteholders Committee and set forth herein in Exhibit 2. Such entities include:

a)  the Debtors;

b)  Directors and Officers of the Debtors;

c)  Professionals of the Debtors;

d)  Ordinary Course Professionals of the Debtors;

e)  The Official Committee of Unsecured Noteholders and Other Significant Noteholders;

f)  Professionals of the Official Committee of Unsecured Noteholders;

g)  Government and Regulatory Agencies;

h)  Attorneys in the U.S. Trustee Office (Southern District of Texas Region 7 – Houston Office);

i)  Judges for the United States Bankruptcy Court (Southern District of Texas – Houston Division);

j)  The Official Committee of Unsecured Creditors;

k)  Professionals of the Official Committee of Unsecured Creditors;

l)  Other Unsecured Creditors;

m) Debtors' Prepetition Secured Lenders;

n)  Statutory Lien Claimants;

o)  The Official Committee of Equity Security Holders and Other Equity Security Holders;

p)  Surety Providers of the Debtors; and

q)  the Indenture Trustees for the Debtors Unsecured Bonds.

In addition to checking the client data base maintained by the Houlihan Lokey Group, Houlihan Lokey checked this list of Interested Parties and determined that none of them is a company controlled by ORIX outside the Houlihan Lokey Group.

11.     The attached Exhibit 3 details the relationship check performed by Houlihan Lokey, and identifies any relationships discovered through such investigation that members of the Houlihan Lokey Group have with any Interested Parties in these chapter 11 cases.

12.     To the best of my knowledge, information and belief after reasonable inquiry, other than as disclosed in this Affidavit, neither I, the Houlihan Lokey Group, nor any of our professionals or employees participating in or connected with this engagement:  (a) have a connection with the Debtors, their affiliates, their creditors, this Court, the U.S. Trustee, any people employed by the U.S. Trustee or any other parties with an actual or potential interest in these chapter 11 or their respective attorneys and accountants; (b) are creditors, equity security holders or insiders of the Debtors or their respective estates; (c) are or were, within two years of the Petition Date, directors, officers or employees of the Debtors; (d) hold an interest materially adverse to the interests of the Debtors or their respective estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtors or for any other reason; and (e) hold or represent any interest adverse to the Noteholders Committee in matters for which Houlihan Lokey is to be retained.  In addition, Houlihan Lokey does not believe that any relationship that the Houlihan Lokey Group or any of our professionals or employees participating in or connected with this engagement may have with any Interested Party in connection with any unrelated matter will interfere with or impair Houlihan Lokey's representation of the Noteholders Committee in these chapter 11 cases.

13.     If, and when, additional information becomes available with respect to other relationships, which may exist between the Debtors and Houlihan Lokey, creditors, or any other parties in interest and which may be viewed to impair Houlihan Lokey's ability to render services

to the Noteholders Committee, Houlihan Lokey will disclose such information to the Court in the form of supplemental disclosures to the Dunayer Affidavit.

14.     Based on all of the foregoing, Houlihan Lokey is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

15.     No agreement presently exists to share with any other person or firm any compensation received by Houlihan Lokey for its services in this case.  If any such agreement is entered into, Houlihan Lokey undertakes to amend and supplement this Affidavit to disclose the terms of any such agreement.

16.     No promises have been received by Houlihan Lokey, or by any employee thereof, as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

17.     I am generally familiar with the Bankruptcy Code and the Bankruptcy Rules, and Houlihan Lokey will comply with them, subject to the Orders of this Court.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on this 13th day of July 2009.

_____
Adam Dunayer

Sworn to and subscribed before me on this 13th day of July 2009.

_____
Notary Public

MONICA D. BRITAIN
My Commission Expires
March 29, 2011

# EXHIBIT 1

## *PRINCIPAL PROFESSIONALS*

**Scott Baxter**
*Managing Director*

Mr. Baxter is Managing Director and head of Houlihan Lokey's Energy Group.  With more than 20 years of energy investment banking experience, he has been involved in over $100 billion of corporate mergers and acquisitions.

Before joining Houlihan Lokey, Mr. Baxter was managing partner for Green River Energy Partners, which provided corporate energy M&A advice, and managed a principal energy private equity investment fund.  Earlier, he was head of Americas for the Global Energy Investment Banking Group of JP Morgan, where he led over 40 investment banking professionals, generating group revenues of approximately $500 million.  Before JP Morgan, he worked for Citigroup's (Salomon Brothers) Global Energy Investment Banking Group as a managing director.   He has developed many relationships with the majors, large E&P and downstream clients, and has been instrumental in executing many large corporate M&A transactions.

Mr. Baxter graduated *cum laude* with a B.S. in economics from Weber State University and holds an M.B.A. from the University of Chicago Graduate School of Business.  He sits on the board of the Audit Committee for Star Gas Partners, a publicly traded heating oil MLP controlled by Yorktown Partners. He also serves on the Weber State University President's Advisory Board. He is registered with FINRA as a General Securities Principal (Series 7, 24 and 63).

**Adam L. Dunayer**
*Managing Director*

Mr. Dunayer is a Managing Director in Houlihan Lokey's Dallas office, where he is a member of the Financial Restructuring Group. He leads the firm's regional financial restructuring and distressed-company M&A efforts. He has nearly two decades of experience consummating transactions and providing strategic advice to companies and creditors in connection with in- and out-of-court financial restructurings, mergers, acquisitions and dispositions. He also has extensive experience raising debt and equity capital in public and private markets.

Before joining Houlihan Lokey, Mr. Dunayer was a managing director with Bear, Stearns & Co. He was also an executive vice president and chief financial officer with Miller Industries, where he served as president of the company's largest subsidiary.

Mr. Dunayer holds a B.B.A. from the University of Texas at Austin. He is a member of the American Bankruptcy Institute and the Turnaround Management Association. He is registered with FINRA as a General Securities Principal (Series 7, 24 and 63).

**Michael H. Boone**
*Senior Vice President*

Mr. Boone is a Senior Vice President in Houlihan Lokey's Dallas office. As a member of the Financial Restructuring Group, he focuses on distressed mergers and acquisitions, special situations financing, and other financial restructuring transactions in a wide range of industries, including manufacturing, energy, retail, direct marketing and telecommunications.

Before joining Houlihan Lokey, Mr. Boone was a consultant at FTI Consulting, with restructuring assignments on both the debtor and the creditor sides in the telecommunications, distribution and manufacturing industries. Earlier, he was with Arthur Andersen in its restructuring group, where he focused primarily on creditor-side restructuring engagements.

Mr. Boone holds a B.A. from Vanderbilt University and an M.B.A. from the McCombs School of Business at the University of Texas at Austin. He also holds the designation of Chartered Financial Analyst and is registered with FINRA as a General Securities Representative (Series 7 and 63).

**Jim B. Hanson**
*Senior Vice President*

Jim Hanson is a Senior Vice President in Houlihan Lokey's New York office and is a member of the firm's Global Energy Group. Over his 11 year investment banking career, he has worked on a wide variety of advisory assignments for energy clients focusing on the midstream, exploration &production and oil service sectors. In addition, he has executed numerous IPO, convertible bond, and follow-on equity and debt capital markets transactions for energy companies and master limited partnerships.

Before joining Houlihan Lokey, Mr. Hanson spent the majority of his career at Citigroup/ Salomon Smith Barney working in their Global Energy Group. In addition, he also worked in the Energy Group at Barclays Capital and most recently in the Natural Resources Group at Bear Stearns.

Mr. Hanson earned a BS in Finance from the University of Illinois and an MBA from The Wharton School at the University of Pennsylvania. He also earned the Chartered Financial Analyst (CFA) designation and is registered with FINRA (formerly the NASD) as a General Securities Representative (Series 7 and 63).

**Carl Miller**
*Senior Associate*

Carl is a Senior Associate in the Global Energy Group at Houlihan Lokey. Prior to joining the Energy Group, Carl spent a year in the Financial Advisory Services Group where he analyzed and provided financial opinions on over 20 corporate transactions across a wide range of industries. Before his time at Houlihan Lokey, Carl founded Captus, a financial advisory

boutique, where he was the sole advisor to an oil field services company in the acquisition of a competitor. Carl has also worked as a summer associate in the Oil and Gas group at J.P. Morgan.

Carl earned an MSc in Accounting and Finance from the London School of Economics, an MBA with a concentration in corporate finance from the Kenan-Flagler Business School at the University of North Carolina and a BA in Korean and Business Management from Brigham Young University. Carl is registered with FINRA (formerly the NASD) as a General Securities Representative (Series 7 and 63).

**Chris Bonanni**
*Analyst*

Chris is an Analyst in Houlihan Lokey's Global Energy Group. Before joining the Energy Group, Chris worked in Houlihan Lokey's corporate finance division, supporting the Mergers & Acquisitions group. Prior to joining Houlihan Lokey, Chris completed summer and school year internships at GoldenTree Asset Management in the Accounting and Finance departments, where his responsibilities spanned debt syndication and the creation of financial statements for Special Investment Vehicles (SIVs).

Chris holds a BA in politics from the College of Arts and Science at New York University. Chris is also a Level II Candidate for the Chartered Financial Analyst (CFA) designation and is registered with FINRA (formerly the NASD) as a General Securities Representative (Series 7 and 63).

**Ryan Huttar**
*Analyst*

Ryan is an Analyst in Houlihan Lokey's Global Energy Group in New York. Mr. Huttar works across all sectors of Energy, including Upstream, Midstream, Downstream and Alternative Energy. Ryan's experience includes advanced modeling and transaction processing for mergers, acquisitions, debt and equity financings and fairness opinions.
Ryan graduated with a BS in commerce, with concentrations in finance and accounting, from the McIntire School of Commerce at the University of Virginia. He is registered with FINRA (formerly the NASD) as a General Securities Representative (Series 7 and 63).

# EXHIBIT 2

## *LIST OF INTERESTED PARTIES*

**Debtors**

Delaware EPL of Texas, LLC
Energy Partners Ltd.
EPL of Louisiana, LLC
EPL Pioneer Houston, Inc.
EPL Pipeline, LLC
Nighthawk, LLC

**Directors and Officers of the Debtors**

Alan D. Bell
Bryant Patton
Chad E. Williams
David P. Cedro
Dennis L. Legendre
James Latimer III
Jerry D. Carlisle
John H. Peper
L. Keith Vincent
Paul B. Jones
Robert D. Gershen
Stephen D. Longon
Steven Pully
T.J. Thom
Thomas D. Debrock

**Professionals of the Debtors**

KPMG
Netherland, Sewell & Associates, Inc.
Parkman & Whaling LLC
Ryder Scott Company, Inc.
Schully Roberts Slattery & Marino
Vinson & Elkins LLP

**Ordinary Course Professionals of the Debtors**

Accounting & Consulting Services, L.L.C.
Beatty & Wozniak, P.C.
Cahill Gordon & Reindel LLP
Carver, Darden, Koretzky, Tessier, Finn, Blossman & Areaux, L.L.C.
CH Fenstermaker & Associates, Inc.
Consolidated Tax Service, LLP
Harold Anderson, Inc.
Joele Frank, Wilkinson Brimmer Katcher
Jones, Walker, Wechter, Poitevent, Carrere & Denegre L.L.P.
LaPorte Sehrt Romig Hand
Louis Gilbert & Associates, Inc.

Merrit Appraisal & Tax Consulting, LP
Morris P. Hebert Inc.
Onebane, Bernard, Torian, Diaz, McNamara & Abell
Phelps Dunbar LLP
Poole Auditing Consultants
Resource Management, Inc.
Strain, Dennis & Bates, L.L.P.
Strategic Employee Benefits Services of Louisiana

**Official Committee of Unsecured Noteholders and Other Significant Noteholders**

AIG
American Stock Transfer and Trust Company
Carlson Capital, L.P.
Farallon Capital Management LLC
K2 and Associates Investment Management Inc.
Third Point LLC
Wexford Capital, LLC
Whitebox Advisors

**Professionals of the Official Committee of Unsecured Noteholders**

Gary Hanna
Jones Day

**Government & Regulatory Agencies**

Internal Revenue Service
Louisiana Department of Revenue
Louisiana Secretary of State
Louisiana Workforce Commission
Minerals Management Service, United States Department of the Interior, Gulf of Mexico OCS Region
Office of Attorney General of Louisiana
Securities & Exchange Commission
Texas Attorney General
Texas Comptroller of Public Accounts, Revenue Accounting Division, Bankruptcy Section
Texas Secretary of State
Texas Workforce Commission
U.S. Attorney for Southern District of Texas
U.S. Attorneys' Office, U.S. Department of Justice

**Attorneys in the U.S. Trustee's Office**

Charles McVay
Diane Livingstone
Stephen Statham
Hector Duran
Nancy Holley
Christine March

**Judges for the U.S. Bankruptcy Court for the Southern District of Texas**

Judge Jeff Bohm
Judge Karen K. Brown

Judge Letitia Z. Paul
Judge Marvin Isgur
Judge Wesley W. Steen

**Official Committee of Unsecured Creditors**

Blanchard Contractors, Inc.
Elevating Boats, LLC
Knight Oil Tools
Production Services Networks U.S. Inc.
Superior Energy Services LLC

**Professionals of the Official Committee of Unsecured Creditors**

Snow Fogel Spence LLP

**Other Unsecured Creditors**

A&B Valve and Piping Systems, LP
Allis-Chalmers Energy, Inc.
Apache Corporation
Aries Marine Corporation
BJ Services Company, U.S.A.
Callon Petroleum Operating Co.
Chevron USA Production Co.
Crosby Tugs, LLC
Cypress- Fairbanks ISD, Fort Bend County, Harris County, Palacios ISD
Devon Energy Corp.
Diamond Offshore Company
Discovery Gas Transmission, LLC and Discovery Producer
Dynamic Industries, Inc.
El Paso Exploration & Production Company and Tennessee
Energy Solutions LP
Exterran Energy Solutions, L.P.
Grasso Production Management
Hercules Drilling Company
IKON Financial Services
Key Energy Services, Inc.
Kilgore Marine Services, Inc.
Knight Oil Services
Knight Oil Tools, Inc.
Laredo Offshore Services, Inc.
Smith International, Inc.
Southern Steel and Supply, LLC
Southwest Louisiana Electric Membership Corporation
Stabil Drill Services, L.L.C.
Superior Energy Services
Supreme Service & Specialty Co., Inc.
Triton Diving Services, Inc.
TW telecom Inc.
Whitetail Oilfield Services, LLC
XTO Energy, Inc.
201 St. Charles Place LLC

**Debtors' Prepetition Secured Lenders**

Bank of America, N.A.
BMO Financial Group US
BNP Paribas
Bracewell & Giuliani LLP
Calyon New York Branch
Fortis Capital Corporation
JPMorgan Chase Bank, N.A.
Scotia Capital
Société Générale
U.S. Bank National Association
U.S. Fortis Bank

**Statutory Lien Claimants**

Cudd Pressure Control Inc. (d/b/a Cudd Well Control)
Global Industries Offshore, L.L.C.
Hercules Drilling Co., LLC
Noble Energy
One Petroleum Center
Quality Production Management, L.L.C. Schlumberger Technology Corporation
Stabil Drill Specialties, L.L.C.
Wood Group Logging Services, Inc.

**Official Committee of Equity Security Holders and Other Equity Security Holders**

Barclays Global Investors, Ltd.
Birch Run Capital LLC – Equity Investment Manager
Carlson Capital LP
Charles Reinwald
Diamond Services Corporation
Enoch L. Dawkins
Franklin W. Hobbs
Harold D. Carter
High Energy, LLC
Jerry D. Carlisle
John G. Phillips
Michael G. Thompson Family Properties, LLC
Norman C. Francis
Renaissance Technologies LLC and James H. Simons
Richard A. Bachmann
Wexford Capital, LLC
William O. Hiltz

**Surety Providers of the Debtors**

IndemCo (HCC Insurance Holdings, Inc. and U.S. Specialty Insurance Company)
Liberty Mutual Insurance Company
RLI Insurance Company
Travelers Bond & Financial Products

**Indenture Trustees for the Debtors Unsecured Bonds**

U.S. Bank National Association
Wells Fargo, N.A.

**EXHIBIT 3**

***RELATIONSHIPS WITH INTERESTED PARTIES***

AIG (Financial Advisory services 2005, 2006)

Allis-Chalmers Energy, Inc. (Corporate Finance services 2002)

Bank of America, N.A. (numerous Financial Advisory services 2000 – 2006, Financial Restructuring services 2002, 2006 - 2007)

Barclays Global Investors, N.A. (Financial Advisory services 2004 – 2006)

BNP Paribas (Financial Restructuring services 2008 – present)

Bracewell & Giuliani LLP (Financial Restructuring services 2008 – 2009)

Chevron USA Production Co. (Financial Advisory services 1999)

Energy Solutions LP (numerous Financial Advisory services 2004 – 2005 and 2006 – present)

Farallon Capital Management LLC (Financial Advisory services 2003 – 2007, Financial Restructuring services 2005)

Internal Revenue Service (numerous Financial Advisory services 2002 – 2004)

J. Carlisle Investments, LCC (Corporate Finance services 2002 – 2003)

Jones Day (numerous Financial Advisory Services 2002, 2003 and 2005, Financial Restructuring services 2002)

JPMorgan Chase Bank, N.A. (Corporate Finance services 2008 – present, numerous Financial Advisory Services 2003 - 2006)

KPMG (Financial Advisory Services, 2000 and 2002)

Third Point LLC (Financial Advisory Services 2006 – present)

US Bank National Association (Financial Restructuring services 2005 – 2008)

Vinson & Elkins (Financial Advisory services 1992)

Wells Fargo, N.A. (numerous Financial Advisory services 1992 - 1994, 1998, and 2002 – present, Financial Restructuring services 2002)

WhiteBox Advisors (Financial Advisory services 2009 - present)

**EXHIBIT B**



# HOULIHAN LOKEY

***Personal and Confidential***

July 14, 2009

The Official Committee (the "Committee") of Unsecured Noteholders
of Energy Partners, Ltd.
and its affiliated debtors and debtors-in-possession
(the "Debtors") in care of the Chair of the Committee

Mr. Arthur Amron
Wexford Capital, LP
411 West Putnam Avenue
Greenwich, CT 06830

Dear Mr. Amron:

This letter agreement (this "Agreement") confirms the terms under which the Committee has engaged Houlihan Lokey Howard & Zukin Capital, Inc. ("Houlihan Lokey"), effective as of July 10, 2009 (the "Effective Date"), to provide financial advisory services to the Committee in connection with the Debtors' Chapter 11 cases (the "Cases"), which are pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court").

1.  **Services**. Pursuant to its engagement by the Committee, Houlihan Lokey's services will consist of, if appropriate and if requested by the Committee:

    a)  Analyzing business plans and forecasts of the Debtors;

    b)  Evaluating the assets and liabilities of the Debtors;

    c)  Analyzing and reviewing the financial and operating statements of the Debtors;

    d)  Assessing the financial issues and options concerning the Debtors' chapter 11 plan(s) of reorganization or liquidation or any other chapter 11 plan(s);

    e)  Providing such financial analyses as the Committee may require in connection with the Cases;

    f)  Evaluating the Debtors' debt capacity and enterprise valuation;

    g)  Representing the Committee in negotiations with the Debtors and third parties with respect to any of the foregoing;

    h)  Providing testimony in court and in depositions on behalf of the Committee with respect to any of the foregoing, if necessary; and;

The Official Committee of Unsecured
Noteholders of Energy Partners, Ltd
Page 2

      i)      Providing such other financial advisory services as may be agreed upon by Houlihan Lokey and the Committee.

2.     **Committee Engagement**.  Neither the Committee, its constituents, nor any of its advisors or professionals (including, but not limited to, counsel to the Committee ("Committee Counsel")), shall be liable for the fees, expenses or other amounts payable to Houlihan Lokey hereunder. Houlihan Lokey is providing its services as the financial advisor to the Committee, and is not providing any services on behalf of the individual members of the Committee.  To the extent any issue arises as to the scope, nature or substance of Houlihan Lokey's analysis, Houlihan Lokey and the Committee, with the advice of Committee Counsel, shall in good faith work to mutually resolve such issue.   At the direction of Committee Counsel, certain communications and correspondence from Houlihan Lokey, and work product and analyses prepared by Houlihan Lokey for the Committee in connection with this matter, will be considered in preparation for litigation over the restructuring of the Debtors and, accordingly, will be subject to the attorney-client privilege and work-product doctrine.

3.     **Fees and Expenses.**  In consideration of Houlihan Lokey's acceptance of this engagement and performance of services pursuant to this Agreement, the Debtors shall pay the following:

     (i)  *Initial Fee*:  Houlihan Lokey shall be paid a nonrefundable initial fee of $500,000 ("Initial Fee"). The payment shall be made  in accordance with the fee procedures order (the "Fee Order") dated May 27, 2009 [docket 173] and shall be in respect of the period as from the Effective Date through the July 31, 2009.

     (ii)  *First Additional Fee*: Unless the Committee notifies Houlihan Lokey in writing prior to August 1, 2009 that Houlihan Lokey's services hereunder are no longer needed by the Committee, Houlihan Lokey shall be paid a nonrefundable additional fee of $100,000 ("First Additional Fee") for the period from August 1, 2009 through August 15, 2009.

     (iii) *Second Additional Fee*: Unless the Committee notifies Houlihan Lokey in writing prior to August 16, 2009 that Houlihan Lokey's services hereunder are no longer needed by the Committee, Houlihan Lokey shall be paid a nonrefundable additional fee of $100,000 ("Second Additional Fee" and, together with the First Additional Fee, the "Additional Fees") for the period from August 16, 2009 through August 31, 2009.  For the avoidance of doubt, a notice given by the Committee pursuant to clause (i) above will also serve as notice under this clause (ii).

     (iv) *Periods after August 31, 2009.*If Houlihan Lokey's continued services are required by the Committee after August 31, 2009, the Committee and Houlihan Lokey will agree upon an appropriate compensation for future periods, subject to approval of the Bankruptcy Court.

The Initial Fee and any Additional Fees shall be earned upon Houlihan Lokey's receipt thereof in consideration of Houlihan Lokey accepting this engagement and performing services as described herein.

4.     **Term and Termination.**  In the event that (a) the Committee's application for employment of Houlihan Lokey under Sections 328(a) and 1103 of Title 11, United States Code (11 U.S.C. §§ 101 et seq.) (the "Bankruptcy Code") is not granted by the Bankruptcy Court or (b) the form of the order entered by the Bankruptcy Court granting such employment application is not acceptable to Houlihan Lokey in its sole discretion, this Agreement shall terminate immediately and not seek payments..  Otherwise, this Agreement may be terminated at any time by either Houlihan Lokey or the Committee upon thirty days prior written notice to the other party.  The expiration or termination of this Agreement shall not affect (i) any provision of

The Official Committee of Unsecured
Noteholders of Energy Partners, Ltd
Page 3

this Agreement other than Sections 1 and 3 and (ii) Houlihan Lokey's right to receive, and the Debtors'
obligation to pay, any and all fees, expenses and other amounts due hereunder, as more fully set forth in this
Agreement.

5.      **Reasonableness of Fees.**  The parties acknowledge that a substantial professional commitment of
time and effort will be required of Houlihan Lokey and its professionals hereunder, and that such
commitment may foreclose other opportunities for the firm.  Moreover, the actual time and commitment
required for the engagement may vary substantially, creating "peak load" issues for the firm.  Given the
numerous issues which may arise in engagements such as this, Houlihan Lokey's commitment to the variable
level of time and effort necessary to address such issues, the expertise and capabilities of Houlihan Lokey
that will be required in this engagement, and the market rate for Houlihan Lokey's services of this nature,
whether in-court or out-of-court, the parties agree that the fee arrangement provided for herein is reasonable,
fairly compensates Houlihan Lokey, and provides the requisite certainty to the Debtors and the Committee.

6.      **Expenses.**  In addition to all of the other fees and expenses described in this Agreement, the Debtors
shall, upon Houlihan Lokey's request in accordance with the Fee Order, reimburse Houlihan Lokey for its
reasonable out-of-pocket expenses incurred from time to time in connection with its services hereunder.
Houlihan Lokey bills its clients for its reasonable out-of-pocket expenses including, but not limited to (i)
travel-related and certain other expenses, without regard to volume-based or similar credits or rebates
Houlihan Lokey may receive from, or fixed fee arrangements made with, travel agents, airlines or other
vendors on a periodic basis, and (ii) research, database and similar information charges paid to third party
vendors, and postage, telecommunication and duplicating expenses, to perform client-related services that are
not capable of being identified with, or charged to, a particular client or engagement in a reasonably
practicable manner, based upon a uniformly applied monthly assessment or percentage of the fees due to
Houlihan Lokey.

Houlihan Lokey shall, in addition and also in accordance with the Fee Order, be reimbursed by the
Debtors for the fees and expenses of Houlihan Lokey's legal counsel incurred in connection with (i) Houlihan
Lokey's employment as a professional person in the Cases and (ii) the payment of all fees and expenses due
to Houlihan Lokey hereunder, including, without limitation, in connection with fee disputes and objections to
Houlihan Lokey's fees by any party in the Cases.

7.      **Invoicing and Payment.**  All amounts payable to Houlihan Lokey shall be made in lawful money of
the United States. The Debtors shall provide contemporaneous written notice of each such payment to
Houlihan Lokey.  All amounts invoiced by Houlihan Lokey shall be exclusive of value added tax,
withholding tax, sales tax and any other similar taxes ("Taxes").  All amounts charged by Houlihan Lokey
will be invoiced together with Taxes where appropriate.

8.      **Information.**  The Committee shall use all reasonable efforts to cause the Debtors (i) to provide
Houlihan Lokey with access to management and other representatives of the Debtors, as reasonably requested
by Houlihan Lokey and (ii) to furnish all data, material and other information concerning the business, assets,
liabilities, operations, cash flows, properties, financial condition and prospects of the Debtors that Houlihan
Lokey reasonably requests in connection with the services to be performed for the Committee hereunder.
Houlihan Lokey shall rely, without independent verification, on the accuracy and completeness of all
information that is publicly available and of all information furnished by or on behalf of the Debtors or the
Committee or otherwise reviewed by Houlihan Lokey. The Committee understands and agrees that Houlihan
Lokey will not be responsible for the accuracy or completeness of such information, and shall not be liable
for any inaccuracies or omissions therein.  The Committee acknowledges that Houlihan Lokey has no
obligation to conduct any appraisal of any assets or liabilities of the Debtors or any other party.  The

The Official Committee of Unsecured
Noteholders of Energy Partners, Ltd
Page 4

Committee acknowledges that Houlihan Lokey's ability to render the services hereunder will depend upon the extent of cooperation that it receives from the Company and the Company's advisors. Any advice (whether written or oral) rendered by Houlihan Lokey pursuant to this Agreement is intended solely for the use of the Committee in considering the matters to which this Agreement relates, and such advice may not be relied upon by any other person or used for any other purpose. Any advice rendered by, or other materials prepared by, or any communication from, Houlihan Lokey may not be disclosed, in whole or in part, to any third party, or summarized, quoted from, or otherwise referred to in any manner without the prior written consent of Houlihan Lokey.

9.     **Limitations on Services as Advisor.**  Houlihan Lokey's services are limited to those specifically provided in this Agreement, or subsequently agreed upon, in writing, by Houlihan Lokey and the Committee. Houlihan Lokey shall have no obligation or responsibility for any other services including, without limitation, any crisis management or business consulting services related to, among other things, the implementation of any operational, organizational, administrative, cash management, or similar activities. Houlihan Lokey is providing the Committee with Houlihan Lokey's services hereunder as an independent contractor, and the parties agree that this Agreement does not create an agency or fiduciary relationship between Houlihan Lokey, on the one hand, and the Committee or any other person, on the other hand. In performing its services pursuant to this Agreement, Houlihan Lokey is not assuming any responsibility for the Committee's or the Debtors' decision to pursue, or not to pursue, any business strategy, or to effect, or not to effect, any transaction(s).

10.     **Bankruptcy Court Approval.**  The Committee shall, as soon as practicable following the execution of this Agreement by the Committee, seek an order authorizing the employment of Houlihan Lokey pursuant to the terms of this Agreement, as a professional person pursuant to, and subject to the standard of review of, Sections 328(a) and 1103 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and applicable local rules and orders and Houlihan Lokey's employment hereunder shall not be subject to any other standard of review under Section 330 of the Bankruptcy Code.  In so agreeing to seek Houlihan Lokey's retention under Section 328(a) of the Bankruptcy Code, the Committee acknowledges that it believes that Houlihan Lokey's general restructuring experience and expertise, its knowledge of the capital markets and its merger and acquisition capabilities in the energy industry will inure to the benefit of the Committee, that the value to the Committee of Houlihan Lokey's services derives in substantial part from that expertise and experience and that, accordingly, the structure and amount of the Initial Fee and the Additional Fees are reasonable regardless of the number of hours to be expended by Houlihan Lokey's professionals in the performance of the services to be provided hereunder.  The Committee shall use its best efforts to cause Houlihan Lokey's employment application to be considered on the most expedited basis.  The employment application and the proposed order authorizing employment of Houlihan Lokey shall be provided to Houlihan Lokey as much in advance of their filing as is practicable, and must be acceptable to Houlihan Lokey in its sole discretion.  If the order authorizing the employment of Houlihan Lokey is obtained, the Debtors shall pay all fees and expenses due pursuant to this Agreement, as promptly as possible in accordance with the terms of this Agreement and the order of such Bankruptcy Court, the Bankruptcy Code, the Bankruptcy Rules and applicable local rules and orders, and the Committee will work with Houlihan Lokey to promptly file any and all necessary applications regarding such fees and expenses with the Bankruptcy Court.  The terms of this Section are solely for the benefit of Houlihan Lokey, and may be waived, in whole or in part, only by Houlihan Lokey.

11.     **Credit.**  Houlihan Lokey may, at its own expense, place announcements on its corporate website and in financial and other newspapers and periodicals (such as a customary "tombstone" advertisement, including the Debtors' logo or other identifying marks) describing its services in connection with this engagement.

The Official Committee of Unsecured
Noteholders of Energy Partners, Ltd
Page 5

12.    **Choice of Law; Jury Trial Waiver; Jurisdiction.** **THIS AGREEMENT SHALL BE DEEMED TO BE MADE IN NEW YORK.  ALL DISPUTES ARISING OUT OF OR RELATED TO THIS AGREEMENT SHALL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK WITHOUT REGARD TO PRINCIPLES OF CONFLICTS OF LAWS.  EACH OF HOULIHAN LOKEY AND THE COMMITTEE IRREVOCABLY WAIVES ANY RIGHT TO TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM (WHETHER BASED UPON CONTRACT, TORT OR OTHERWISE) RELATED TO OR ARISING OUT OF THE ENGAGEMENT OF HOULIHAN LOKEY PURSUANT TO, OR THE PERFORMANCE BY HOULIHAN LOKEY OF THE SERVICES CONTEMPLATED BY, THIS AGREEMENT.  REGARDLESS OF ANY PRESENT OR FUTURE DOMICILE OR PRINCIPAL PLACE OF BUSINESS OF THE PARTIES HERETO, EACH PARTY HEREBY IRREVOCABLY CONSENTS AND AGREES THAT ANY CLAIMS OR DISPUTES BETWEEN OR AMONG THE PARTIES HERETO ARISING OUT OF OR RELATED TO THIS AGREEMENT SHALL BE BROUGHT AND MAINTAINED IN THE BANKRUPTCY COURT.**

13.    **Indemnification and Standard of Care.**  As a material part of the consideration for the agreement of Houlihan Lokey to furnish its services to the Committee under this Agreement, the Debtors shall (i) indemnify and hold harmless Houlihan Lokey and its affiliates, and their respective past, present and future directors, officers, shareholders, partners, members, employees, agents, representatives, advisors, subcontractors and controlling persons (collectively, the "Indemnified Parties"), to the fullest extent lawful, from and against any and all losses, claims, damages or liabilities (or actions in respect thereof), joint or several, arising out of or related to this Agreement, Houlihan Lokey's engagement under this Agreement, any transaction or any actions taken or omitted to be taken by an Indemnified Party, the Committee, any member of the Committee or the Debtors in connection with this Agreement and (ii) reimburse each Indemnified Party for all expenses (including, without limitation, the fees and expenses of counsel) as they are incurred in connection with investigating, preparing, pursuing, defending, settling or compromising any action, suit, dispute, inquiry, investigation or proceeding, pending or threatened, brought by or against any person (including, without limitation, any shareholder or derivative action), arising out of or relating to the formulation of any plan of reorganization for the Debtors, this Agreement, or such engagement, transaction or actions.  However, the Debtors shall not be liable under the foregoing indemnity and reimbursement agreement for any loss, claim, damage or liability which is finally judicially determined by a court of competent jurisdiction to have resulted primarily from the willful misconduct, bad faith or gross negligence of such Indemnified Party.

If for any reason the foregoing indemnification or reimbursement is unavailable to any Indemnified Party or insufficient fully to indemnify any such party or to hold it harmless in respect of any losses, claims, damages, liabilities or expenses referred to in such indemnification or reimbursement provisions, then the Debtors shall contribute to the amount paid or payable by the Indemnified Party as a result of such losses, claims, damages, liabilities or expenses in such proportion as is appropriate to reflect the relative benefits received by the Committee and the Debtors, on the one hand, and Houlihan Lokey, on the other hand, in connection with the services rendered by Houlihan Lokey.  If, however, the allocation provided by the immediately preceding sentence is not permitted by applicable law, then the Debtors shall contribute to such amount paid or payable by any Indemnified Party in such proportion as is appropriate to reflect not only such relative benefits, but also the relative fault of the Committee and Debtors, on the one hand, and such Indemnified Party, on the other hand, in connection therewith, as well as any other relevant equitable considerations.  Notwithstanding the foregoing, in no event shall the Indemnified Parties be required to contribute an aggregate amount in excess of the amount of fees actually received by Houlihan Lokey from the Debtors pursuant to this Agreement.  Relative benefits received by the Committee and the Debtors, on the

The Official Committee of Unsecured
Noteholders of Energy Partners, Ltd
Page 6

one hand, and Houlihan Lokey, on the other hand, shall be deemed to be in the same proportion as (i) the total value paid or received or contemplated to be paid or received by the Debtors, and its security holders, creditors (including members of the Committee), and other affiliates, as the case may be, pursuant to the transaction(s) (whether or not consummated) contemplated by the engagement hereunder, bears to (ii) the fees received by Houlihan Lokey under this Agreement. Neither the Committee nor the Debtors shall settle, compromise or consent to the entry of any judgment in or otherwise seek to terminate any pending or threatened action, suit, dispute, inquiry, investigation or proceeding in respect of which indemnification or contribution may be sought hereunder (whether or not an Indemnified Party is an actual or potential party thereto), unless such settlement, compromise, consent or termination contains a release of the Indemnified Parties reasonably satisfactory in form and substance to Houlihan Lokey.

Neither Houlihan Lokey nor any other Indemnified Party shall have any liability (whether direct or indirect and regardless of the legal theory advanced) to the Committee, the Debtors or any person or entity asserting claims related to or arising out of this Agreement, Houlihan Lokey's engagement under this Agreement, any transaction, or any actions taken or omitted to be taken by an Indemnified Party, the Debtors or the Committee in connection with this Agreement, except for losses, claims, damages or liabilities incurred by the Committee and/or the Debtors which are finally judicially determined by a court of competent jurisdiction to have resulted primarily from the willful misconduct, bad faith or gross negligence of such Indemnified Party, and no Indemnified Party shall have any liability whatsoever to any other person or entity. The indemnity, reimbursement, and other obligations and agreements of the Committee and the Debtors set forth herein (i) shall apply to any services provided by Houlihan Lokey in connection with this engagement prior to the Effective Date and to any modifications of this Agreement, (ii) shall be in addition to any obligation or liability which such parties may otherwise have to any Indemnified Party, (iii) shall remain operative and in full force and effect regardless of any investigation made by or on behalf of such parties or any Indemnified Party or any person controlling any of them, and (iv) shall survive the completion of the services described in, and any expiration or termination of the relationship established by, this Agreement.

14.   **Miscellaneous.**   This Agreement shall be binding upon the parties hereto and their respective successors, heirs and assigns and any successor, heir or assign of any substantial portion of such parties' respective businesses and/or assets, including any Chapter 11 or Chapter 7 trustee appointed in the Cases. If appropriate, in connection with performing its services for the Committee hereunder, Houlihan Lokey may utilize the services of one or more of its affiliates, in which case the references herein to Houlihan Lokey shall include such affiliates.

Nothing in this Agreement, express or implied, is intended to confer or does confer on any person or entity, other than the Committee, the Indemnified Parties and each of their respective successors, heirs and assigns, any rights or remedies under or by reason of this Agreement or as a result of the services to be rendered by Houlihan Lokey hereunder.

This Agreement is the complete and exclusive statement of the entire understanding of the parties regarding the subject matter hereof, and supersedes all previous agreements or understandings regarding the same, whether written or oral. This Agreement may not be amended, and no portion hereof may be waived, except in a writing duly executed by Houlihan Lokey and the Chair or other authorized representative of the Committee and approved by the Bankruptcy Court.

The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect pursuant to the terms hereof.

The Official Committee of Unsecured
Noteholders of Energy Partners, Ltd
Page 7

To help the United States government fight the funding of terrorism and money laundering activities, the federal law of the United States requires all financial institutions to obtain, verify and record information that identifies each person with whom they do business as a condition to doing business with that person. Accordingly, the Debtors will provide Houlihan Lokey upon request certain identifying information necessary to verify the identity of the Debtors, such as a government-issued identification number (e.g., a U.S. taxpayer identification number), certified articles of incorporation, a government-issued business license, partnership agreement or trust instrument.

This Agreement may be executed in any number of counterparts, each of which will be deemed an original and all of which will constitute one and the same instrument. Such counterparts may be delivered by one party to the other by facsimile or other electronic transmission, and such counterparts shall be valid for all purposes.

The Committee has all requisite power and authority to enter into this Agreement and perform its obligations hereunder. This Agreement has been duly and validly authorized by all necessary action on the part of the Committee and has been duly executed and delivered by the Committee and constitutes a legal, valid and binding agreement of the Committee, enforceable in accordance with its terms. This Agreement has been reviewed by the signatories hereto and their counsel. There shall be no construction of any provision against Houlihan Lokey because this Agreement was drafted by Houlihan Lokey, and the parties waive any statute or rule of law to such effect.

The Committee understands that Houlihan Lokey is not undertaking to provide any legal, regulatory, accounting, insurance, tax or other similar professional advice and the Committee confirms that it is relying on its own counsel, accountants and similar advisors for such advice.

The Official Committee of Unsecured
Noteholders of Energy Partners, Ltd
Page 8

   All of us at Houlihan Lokey thank you for choosing us to advise the Committee, and look forward
to working with you on this engagement.

      Very truly yours,

      **HOULIHAN LOKEY HOWARD & ZUKIN CAPITAL, INC.**

   By: _____
      Adam Dunayer
      Managing Director

Accepted and agreed to as of the Effective Date:

**OFFICIAL COMMITTEE OF UNSECURED
NOTEHOLDERS OF ENERGY PARTNERS, LTD**

By:  Wexford Capital, LP, Chair of the Committee

By: _____
  Arthur Amron
  Partner

**<u>EXHIBIT C</u>**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **ENERGY PARTNERS, LTD., et al,**[1] | : | **Case No. 09-32957** |
| | : | |
| Debtors. | : | **Jointly Administered** |
| | : | |

**ORDER AUTHORIZING THE OFFICIAL COMMITTEE
OF UNSECURED NOTEHOLDERS OF ENERGY PARTNERS,
LTD., ET AL., TO RETAIN AND EMPLOY HOULIHAN LOKEY
HOWARD & ZUKIN CAPITAL, INC. AS FINANCIAL ADVISORS
NUNC PRO TUNC TO THE EFFECTIVE DATE**

This matter coming before the court on the Expedited Application[2] for an

Order to Retain and Employ Houlihan Lokey Howard & Zukin Capital, Inc. ("Houlihan

Lokey") as Financial Advisors to the Official Committee of Unsecured Noteholders (the

"Noteholders Committee") of Energy Partners, Ltd. et al. (collectively, the "Debtors"),

nunc pro tunc to the Effective Date, filed by the Noteholders Committee; the Court

having reviewed the Application and the Dunayer Affidavit attached thereto; and the

Court having found that (a) the Court has jurisdiction over this matter pursuant to

28 U.S.C. §§ 157 and 1334; (b) venue is proper in this district pursuant to 28 U.S.C.

§§ 1408 and 1409; (c) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (d) notice

of the Application was sufficient under the circumstances; (e) Houilihan does not (i) hold

any interest adverse to the Debtors' estates, or (ii) hold or represent any interest adverse

to the Noteholders Committee, and is a "disinterested person," as defined in section

101(14) of the Bankruptcy Code; and (f) the Application and all related papers fully

---

[1]  The debtors in these chapter 11 cases are:  Energy Partners, Ltd.; EPL Pipeline, L.L.C.;
Nighthawk, L.L.C.; EPL of Louisiana, L.L.C.; Delaware EPL of Texas, LLC; and EPL Pioneer Houston,
Inc.

[2]  Capitalized terms not otherwise defined herein shall have the meanings given to them in the
Application.

- 1 -

NYI-4200153v2

comply with the Bankruptcy Code, Bankruptcy Rules, the Bankruptcy Local Rules and the Complex Case Order; and the Court having determined that the legal and factual bases set forth in the Application and the Dunayer Affidavit establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1.    The Application is GRANTED.

2.    The Noteholders Committee is authorized to retain and employ Houlihan Lokey as financial advisors in these chapter 11 cases, pursuant to sections 1103 and 328 of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Bankruptcy Local Rule 2014(b), on the terms and conditions set forth in the Application and the Engagement Letter, nunc pro tunc to the Effective Date.

3.    Houlihan Lokey is a "disinterested person" under section 101(14) of the Bankruptcy Code.

4.    Other than as ordered herein, Houlihan Lokey shall be compensated for its services and reimbursed for any related expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules and any other applicable orders or procedures of this Court, including the Order Granting Motion to Establish Procedure for Monthly and Interim Compensation and Reimbursement of Expenses for Case Professionals, dated May 27, 2009. [Dkt. 173]. Houlihan Lokey shall not be required to (a) track time for its services in tenth of an hour increments; or (b) allocate time in project categories. Houlihan Lokey shall be allowed to submit a final fee application setting forth, in reasonable detail, the nature of

the services it has rendered on behalf of the Noteholders Committee in connection with its engagement in these cases.

Dated: Houston, Texas
      July_____, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

NYI-4200153v2