**CONFIDENTIAL**

July 24, 2009

Energy Partners, Ltd.
201 St. Charles Ave., Ste 3400
New Orleans, LA 70170
Attn:  Mr. Alan Bell

    Re:    **Proposal Letter**

Dear Mr. Bell:

GE Energy Financial Services, Inc. ("GE Capital") is pleased to express its interest in providing, directly or through an affiliate, the Financing (as defined below), all upon and subject to the general terms and conditions set forth herein and in the Summary of Terms attached hereto as Exhibit A and incorporated by reference herein (the "Term Sheet" and together with this letter, the "Proposal Letter"; capitalized terms used herein without definition shall have the meanings assigned to them in the Term Sheet).

Energy Partners, Ltd. (the "Borrower" or "you") has advised GE Capital that it is currently seeking an exit financing package that will allow the Borrower to emerge from bankruptcy after the confirmation of the Borrower's Chapter 11 plan of reorganization (the "Transaction").  You have further advised GE Capital that, in connection with the Transaction, you intend to obtain a Senior Secured First Lien Credit Facility, or similar financing, that would be used as part of a recapitalization of the Borrower. Based on preliminary due diligence, and subject to further engineering review, GE Capital is currently contemplating the structuring of a proposed [$70,000,000 – $100,000,000] Senior Secured First Lien Credit Facility (the "Financing").

*Expenses*. By signing this Proposal Letter and subject to the Bankruptcy Court's approval of the terms hereof as provided below, regardless of whether the Financing is approved or closes, you agree to pay upon demand to GE Capital all fees and expenses (including, but not limited to, all reasonable costs and fees of external legal counsel, environmental consultants, reserve engineers, appraisers, auditors and other consultants and advisors, due diligence reports, escrow costs (if applicable), recording and transfer fees and taxes, title charges and survey costs) incurred in connection with this Proposal Letter and the Financing (and the negotiation, documentation and closing thereof), together with actual reasonable out-of-pocket expenses in connection with the conduct of GE Capital's due diligence.

*Underwriting Deposit*. Upon execution of this Proposal Letter, the Borrower, or its affiliates, will provide an initial underwriting deposit of $50,000 (the "Underwriting Deposit"), against which will be charged any amounts the Borrower owes GE Capital, including the expenses referred to in the immediately preceding paragraph.  It is expressly understood that GE Capital may hereafter require the Borrower to replenish the Underwriting Deposit as a condition to GE Capital's agreement to continue to incur the expenses described herein. The balance of the Underwriting Deposit (net of the fees and expenses referred to in this Proposal Letter) will be (i) returned to the Borrower if GE Capital elects not to commit to the Financing or (ii) applied to the fees owed by the Borrower at closing if the Financing is approved and closes. In all other circumstances, GE Capital will retain the remaining Underwriting Deposit as a fee.

*Exclusivity*. For a period of thirty (30) days from your execution hereof, unless earlier terminated by GE Capital or the Borrower as provided below, GE Capital will have the exclusive right to arrange the senior secured first lien Financing, and you will not during such time discuss the senior secured first lien Financ-

ing with any other financial institution or potential source of financing; provided that the provisions of this paragraph shall not preclude Borrower from pursuing, discussing or implementing any proposed financing to be provided by one or more members of the Official Committee of Noteholders or affiliates thereof.

*Non-Binding Proposal*.  **As you know, this Proposal Letter is delivered to you at a time when GE Capital has not undertaken its full business, credit and legal due diligence and analysis nor obtained the approval of GE Capital's internal credit authorities and, accordingly, we must emphasize that this letter is to be used as the basis for continued discussion and does not constitute a commitment, a contract to provide any credit facility, nor an offer to enter into a contract to provide any credit facility, and does not and should not be deemed to obligate GE Capital or its affiliates, in any manner whatsoever**.  Subject to the foregoing, we are prepared to continue discussions with you to work toward offering financing along the general terms and conditions outlined in the Term Sheet.  This Proposal Letter supersedes all prior discussions, writings, indications of interest and proposals previously delivered to you, with respect to the financing proposed herein.  This Proposal Letter will not be binding upon Borrower unless and until Bankruptcy Court approval has been obtained as evidenced by an order satisfactory to Borrower and GE Capital.  Subject to the terms of the "Survival" provision below, this Proposal Letter may be terminated at any time for any reason by GE Capital and may be terminated by you at any time after August 14, 2009 if GE Capital has not provided a commitment for the Financing on terms satisfactory to you.

*Confidentiality*.  GE Capital is delivering this Proposal Letter to you in reliance upon the accuracy of all information furnished to GE Capital by you or on your behalf and with the understanding that the Borrower and its affiliates will not disclose the contents of this Proposal Letter or GE Capital's involvement or interest in providing and arranging the Financing to any third party (including, without limitation, any financial institution or intermediary) without GE Capital's prior written consent other than to (a) those individuals who are your directors, officers, employees or advisors in connection with the Financing or who are members of the official committees appointed in Borrower's Chapter 11 case and the respective counsel and advisors thereof and (b) as may be compelled in a judicial or administrative proceeding or as otherwise required by law or any applicable stock exchange regulation (in which case you agree to inform GE Capital promptly thereof); provided, that the foregoing shall not prohibit disclosure of this Proposal Letter and GE Capital's interest in providing the Financing to the extent required or advisable in connection with the Borrower's Chapter 11 plan of reorganization referenced above.  Except for permitted disclosures in connection with the Borrower's plan of reorganization, the Borrower and its affiliates agree to inform all such persons who receive information concerning GE Capital or this Proposal Letter that such information is confidential and may not be used for any purpose other than in connection with the Transaction and may not be disclosed to any other person.  GE Capital reserves the right to review and approve, in advance, all press releases, advertisements and disclosures that the Borrower and its affiliates prepare or that is prepared on your behalf that contain GE Capital's or any affiliate's name or describe GE Capital's financing proposal.

*Indemnification*.  Regardless of whether the Financing is approved or closes, you agree to (a) indemnify, defend and hold each of GE Capital and its affiliates and the principals, directors, officers, employees, representatives, agents and third party advisors of each of them (each, an "Indemnified Person"), harmless from and against all losses, disputes, claims, expenses (including, but not limited to, attorneys' fees), damages, and liabilities of any kind (including, without limitation, any environmental liabilities) which may be incurred by, or asserted against, any such Indemnified Person in connection with, arising out of, or relating to, this Proposal Letter, the Financing, the use or the proposed use of the proceeds thereof, the Transaction, any other transaction contemplated by this Proposal Letter, any other transaction related thereto and any claim, litigation, investigation or proceeding relating to any of the foregoing (each, a "Claim", and collectively, the "Claims"), regardless of whether such Indemnified Person is a party

4124v.4 ENE450/64000

thereto, and (b) reimburse each Indemnified Person upon demand for all legal and other out-of-pocket expenses incurred by it in connection with investigating, preparing to defend or defending, or providing evidence in or preparing to serve or serving as a witness with respect to, any lawsuit, investigation, claim or other proceeding relating to any of the foregoing (each, an "Expense"); provided that no Indemnified Person shall be entitled to indemnity hereunder in respect of any Claim or Expense to the extent that the same is found by a final, non-appealable judgment of a court of competent jurisdiction to have resulted directly from the bad faith, gross negligence or willful misconduct of such Indemnified Person.  Under no circumstances shall GE Capital, or any of its affiliates be liable for any punitive, exemplary, consequential or indirect damages that may be alleged to result in connection with, arising out of, or relating to, any Claims, this Proposal Letter, the Financing, the use or the proposed use of the proceeds thereof, the Transaction, any other transaction contemplated by this Proposal Letter and any other transaction related thereto.  Furthermore, none of GE Capital, or any of its affiliates shall have any liability for any damages arising from the use of information or other materials obtained through electronic, telecommunications or other information transmission systems.

*Amendments; Counterparts; Governing Law*. This Proposal Letter may not be amended or waived except by an instrument in writing signed by you and GE Capital.  This Proposal Letter may be executed in counterparts, each of which shall be deemed an original and all of which counterparts shall constitute one and the same document.  Delivery of an executed signature page of this Proposal Letter by facsimile transmission shall be effective as delivery of a manually executed counterpart hereof.  The laws of the State of New York shall govern all matters arising out of, in connection with or relating to this Proposal Letter, including, without limitation, its validity, interpretation, construction, performance and enforcement.

*Waiver of Jury Trial*. THE PARTIES HERETO, TO THE EXTENT PERMITTED BY LAW, WAIVE ALL RIGHT TO TRIAL BY JURY IN ANY ACTION, SUIT, OR PROCEEDING ARISING OUT OF, IN CONNECTION WITH OR RELATING TO, THIS PROPOSAL LETTER, THE FINANCING AND ANY OTHER TRANSACTION CONTEMPLATED HEREBY.  THIS WAIVER APPLIES TO ANY ACTION, SUIT OR PROCEEDING WHETHER SOUNDING IN TORT, CONTRACT OR OTHERWISE.

*Survival*.  The provisions of this letter set forth under this heading and the headings "Expenses", **"Underwriting Deposit"**, **"Confidentiality"**, "Indemnification", "Amendments; Counterparts; Governing Law", and "Waiver of Jury Trial" shall survive the termination or expiration of this Proposal Letter.

4124v.4 ENE450/64000

So that we may begin our due diligence, please sign and return this Proposal Letter, and remit to us the Underwriting Deposit, before July 29, 2009.

Sincerely,

**GE Energy Financial Services, Inc.**

By: _____
Name:
Title:


AGREED AND ACCEPTED
THIS _____ DAY OF JULY, 2009.


**Energy Partners, Ltd.**

By: _____
Name:
Title:

4124v.4 ENE450/64000