IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 09-32957 |
| | § | (Chapter 11) |
| ENERGY PARTNERS, LTD., *ET AL.*,[1] | § | (Jointly Administered) |
| | § | |
| DEBTORS. | § | Req. Hearing: September 16, 2009 |
| | § | |
| | § | Related to Dkt. No. 380 |

EMERGENCY MOTION REQUESTING (A) APPROVAL OF
NON-MATERIAL MODIFICATIONS TO CONFIRMED PLAN
AND (B) ENTRY OF CONFORMING, MODIFIED CONFIRMATION ORDER

A HEARING WILL BE CONDUCTED ON THIS MATTER ON SEPTEMBER 16, 2009 AT 10:30 A.M. IN COURTROOM 600, 515 RUSK STREET, HOUSTON, TEXAS 77002.

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE BEFORE THE SCHEDULED HEARING. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.

TO THE HONORABLE JEFF BOHM,
UNITED STATES BANKRUPTCY JUDGE:

---

[1] The Debtors include Energy Partners, Ltd., EPL Pipeline, L.L.C., Nighthawk, L.L.C., EPL of Louisiana, L.L.C., Delaware EPL of Texas, LLC, and EPL Pioneer Houston, Inc.

Energy Partners, Ltd. ("EPL") and its affiliated debtor entities, as debtors and debtors in possession (collectively, the "Debtors"), by and through their undersigned counsel, file their *Emergency Motion Requesting (A) Approval of Non-Material Modifications to Confirmed Plan and (B) Entry of Conforming, Modified Confirmation Order* (the "Motion"). In support of the Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 1334 and 157. This Motion involves matters concerning the administration of the estate and the confirmation of a plan and is, therefore, a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (L).

2. Venue is proper pursuant to 28 U.S.C. § 1408.

## STATEMENT OF FACTS

3. On August 3, 2009, the Bankruptcy Court entered an order (Dkt. No. 380, the "Confirmation Order") confirming the *Second Amended Joint Plan of Reorganization of Energy Partners, Ltd. and Certain of its Subsidiaries Under Chapter 11 of the Bankruptcy Code, as Modified as of July 31, 2009* (Dkt. No. 370, the "Plan").[2]

4. Since that time, the Debtors and their professionals have worked diligently with the case constituents and other parties-in-interest to meet the conditions precedent to the occurrence of the Effective Date set forth in Section 9.02 of the Plan, most notably documenting and finalizing the Exit Facility. The Exit Facility will be comprised of a senior first lien facility with General Electric Capital Corporation ("GECC") and a subordinate second lien facility with certain holders of the Senior Note Claims.

---

[2] All capitalized terms used herein, but not otherwise defined, will have the meanings set forth in the Plan.

5.      In this regard, on September 10, 2009, the Debtors filed a notice (DE 428, the "Notice") informing parties that, pursuant to Section 9.03 of the Plan, the Debtors and the Majority Consenting Holders consensually agreed to extend the Plan's Effective Date deadline from September 10, 2009 to September 25, 2009 (the "Effective Date Deadline").  The Effective Date Deadline was extended to provide the Debtors, the Noteholder Committee, GECC and other necessary parties-in-interest additional time to, *inter alia*, close on the Exit Facility.

## RELIEF REQUESTED

6.      During discussions and negotiations, GECC raised concerns regarding certain language in paragraph 22 of the Confirmation Order and Section 9.03 of the Plan.[3]  Specifically, GECC is concerned that the wording of such documents may bring the finality of the Confirmation Order into question.  In order to accommodate this concern, and in consultation with the respective counsel for the Equity Committee, the Noteholder Committee, the Unsecured Creditors Committee, and BofA, the Debtors have agreed to seek this Court's approval to make certain non-material modifications to the Plan and request entry of a conforming, modified Confirmation Order.  This request is made solely in an abundance of caution and in order to facilitate closing of the Exit Facility with GECC.  The proposed modifications, detailed below, do not negatively affect the substantive rights of the parties governed by the Plan.

7.      The proposed modifications are as follows:[4]

**Proposed Modifications to Section 9.02 of the Plan:**

> 9.03    Effect of Failure of Conditions. In the event that one or more of the conditions specified in Article 9.02 hereof shall not have occurred or been waived pursuant to Article 9.04 on or before the latest to occur of (a) September 10, 2009,

---

[3] GECC was not represented by outside counsel at the time the Plan language was negotiated and the Confirmation Order entered.
[4] The Debtors will file a conforming plan and submit an amended confirmation order if the Court grants the relief requested herein.

(b) September 25, 2009 (but only with the approval of the Debtors and the Majority Consenting Holders), and (c) any later date that shall have been approved by order of the Bankruptcy Court upon a showing of good cause and after notice and hearing, (w~~w~~x) ~~the Confirmation Order shall be vacated,~~ (x) no Distributions under the Plan shall be made, (y) the Debtors and Holders of Claims and Equity Interests shall be restored to the *status quo* as of the day immediately preceding the Confirmation Date ~~as though the Confirmation Order had never been entered~~, and (z) the Debtors' obligations with respect to Claims and Equity Interests shall remain unchanged and nothing contained herein shall constitute or be deemed a waiver or release of any Claims or Equity Interests by or against the Debtors or any Person or governmental Entity or to prejudice in any manner the rights of the Debtors or any Person or governmental Entity in any other or further proceedings involving the Debtors.

**Proposed Conforming Change to Paragraph 22 of the Confirmation Order:**

22. <u>Non-Occurrence of Effective Date</u>. In the event that one or more of the conditions specified in Article 9.02 of the Plan shall not have occurred or been waived pursuant to Article 9.04 of the Plan on or before the latest to occur of (a) September 10, 2009, (b) September 25, 2009 (but only with the approval of the Debtors and the Majority Consenting Holders), and (c) any later date that shall have been approved by order of the Bankruptcy Court upon a showing of good cause and after notice and hearing, subject to the provisions of the Bankruptcy Code including, without limitation, Sec. 1129(c) of the Bankruptcy Code, ~~(w) the Confirmation Order shall be vacated,~~ (x) no Distributions under the Plan shall be made, ~~(~~y) the Debtors and Holders of Claims and Equity Interests shall be restored to the *status quo* as of the day immediately preceding the Confirmation Date ~~as though the Confirmation Order had never been entered~~, and (z) the Debtors' obligations with respect to Claims and Equity Interests shall remain unchanged and nothing contained in the Plan or this Confirmation Order shall constitute or be deemed to (i) waive or release any Claims or Equity Interests by or against the Debtors or any other Person or governmental Entity or (ii) prejudice in any manner the rights of the Debtors or any other Person or governmental Entity in any other or further proceedings involving the Debtors.

8. Because GECC has indicated that it considers such change a condition to funding of the Exit Facility, the Debtors believe that good cause exists to make the non-material modifications detailed above. With the relief requested herein, the Debtors believe that the Exit

Facility will fund on or before September 25, 2009, which is consistent with the current Effective Date Deadline.[5]

## ARGUMENTS AND AUTHORITY

**A.     The Bankruptcy Code and Rules Permit the Debtors to Modify the Plan as Set Forth Herein.**

9.     Bankruptcy Code § 1127 states, in relevant part:

> (b)  The proponent of a plan or the reorganized debtor may modify such plan at any time after confirmation of such plan and before substantial consummation of such plan, but may not modify such plan so that such plan as modified fails to meet the requirements of sections 1122 and 1123 of this title.  Such plan as modified under this subsection becomes the plan only if circumstances warrant such modification and the court, after notice and a hearing, confirms such plan as modified, under section 1129 of this title.
>
> (c)  The proponent of a modification shall comply with section 1125 of this title with respect to the plan as modified.

11 U.S.C. § 1127(b) & (c).  Furthermore, Federal Rule of Bankruptcy Procedure 3019 states, in relevant part:

> In a … chapter 11 case, after a plan has been accepted and before its confirmation, the proponent may file a modification of the plan.  If the court finds after hearing on notice to the trustee, any committee appointed under the Code and any other entity designated by the court that the proposed modification does not adversely change the treatment of the claim of any creditor or the interest of any equity security holder who has not accepted in writing the modification, it shall be deemed accepted by all creditors and equity security holders who have previously accepted the plan.

FED. R. BANKR. P. 3019.

10.     Though specifically addressing pre-confirmation modifications, Rule 3019 was intended to apply to post confirmation modifications as well.  *See In re Boroff*, 189 B.R. 53, 57

---

[5] Paragraph 35 of the Confirmation Order provides for a waiver of the 10-day stay under Bankruptcy Rules 3020(e), 6004(h) and 6006(d).  Counsel to GECC has advised that GECC would be prepared to close on the Exit Facility (assuming compliance with or waiver of closing conditions) prior to the expiration of the 10-day period provided the same Bankruptcy Rule waiver is included in the modified Confirmation Order.  Accordingly, the Debtors have not sought relief to extend the current Effective Date Deadline of September 25, 2009 but reserve the right to do so upon a showing of good cause.

(D. Vt. 1995). "The 1983 Advisory Committee Note states the Rule applies to post-confirmation modifications… '[Section] 1127 provides for modification before and after confirmation but does not deal with the minor modifications that do not adversely change any rights. [Rule 3019] makes clear that a modification may be made after acceptance of the plan without submission to creditors…if their interests are not affected'". *Id.*

11. Thus, under the applicable provisions of the Bankruptcy Code and Bankruptcy Rules, a plan proponent may seek leave to amend its plan after confirmation if:

    a. the plan has not been substantially consummated;

    b. as amended, the plan complies with Bankruptcy Code §§ 1122, 1123, 1125 & 1129; and

    c. the affected creditors, if any, either consent to the adverse treatment or, upon notice and a hearing, the Court determines that the modifications do not materially and adversely change a claimant's treatment.

11 U.S.C. § 1127(b); FED. R. BANKR. P. 3019. *See also In re American Solar King Corp.*, 90 B.R. 808, 825 (Bankr. W.D. Tex. 1988).

12. A modification is "material" if it affects a creditor or interest holder ***who has accepted the plan*** to the extent that, if such party knew of the modification, the party would be likely to reconsider its acceptance. *American Solar King Corp.* 90 B.R. at 823-24 (citing 8 COLLIER ON BANKRUPTCY, ¶ 3019.03, p. 3019-3 (15th ed. 1987) (emphasis added)). Mere technical negative impacts are not material. *Id.* at 825. Instead, any proposed modifications must be "taken as a whole" when determining the effect upon creditors. *Id. See also In re Mount Vernon Plaza Comm. Urb. Redev. Corp.,* 79 B.R. 305, 306 (Bankr. S.D. Ohio 1987). Consistent therewith, a creditor who has accepted the plan and whose interest is not materially and adversely affected by the proposed modification cannot withdraw its acceptance. *Boroff*, 189 B.R. at 57.

13. Lastly, with regard to the notice and a hearing requirement of Bankruptcy Code § 1127(b) and Rule 3019, a Court may determine, in its discretion, such notice as is proper and necessary under the circumstances. *See* FED. R. BANKR. P. 9006(c). Additionally, Rule 3019 only requires notice to the United States Trustee, any official committee, and such other parties as the court deems necessary. FED. R. BANKR. P. 3019. Therefore, if all of the primary constituencies to a consensual plan of reorganization support the proposed modifications, to include any official committees and any materially affected creditors, a court may, in its discretion, determine that limited notice is sufficient to approve the modifications. *See* 11 U.S.C. § 1127(b); FED. R. BANKR. P. 3019 & 9006(c).

### *(i)     The Plan has Not Been Substantially Consummated*

14. Section 1101(2) of the Bankruptcy Code defines "substantial consummation" to mean:

> (A) transfer of all or substantially all of the property proposed by the plan to be transferred;
>
> (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and
>
> (C) commencement of distribution under the plan.

11 U.S.C. § 1101(2)

15. None of the events described in Section 1101(2) have yet occurred because the Effective Date has not occurred. The Debtors do not intend to transfer their assets to another entity, the EPL New Common Stock has not been issued; and there have been no distributions under the Plan. Indeed, the Effective Date of the Plan will not occur until GECC closes on its portion of the Exit Facility.

*(ii)    The Requirements of Bankruptcy Code §§ 1122, 1123, 125 & 1129 Are Not Implicated by the Requested Modifications*

16.    Through the proposed, non-material modifications, the Debtors do not seek to reclassify any claims or interests and therefore will continue to comply with the terms of Bankruptcy Code § 1122.  Additionally, the Debtors' proposed modifications do not otherwise modify the contents of the Plan, thereby continuing to meet the requirements of Bankruptcy Code § 1123.  No further disclosure and/or solicitation is necessary because the Plan, as distributed, is not being materially modified, thereby not requiring further disclosure under Bankruptcy Code § 1125.  Likewise, the proposed modifications will not alter or amend the requirements of Bankruptcy Code § 1129, nor this Court's findings related thereto at the Confirmation Hearing.

**B.    The Proposed Modifications Are Not Material**

17.    Because the requirements of Bankruptcy Code §§ 1122, 1123, 1125, and 1129 are not implicated by the proposed modifications, the Debtors must only establish that the proposed modifications to the Plan are not material and adverse.  To be considered material, the proposed modifications must be of such a nature as to cause a creditor or equity security interest holder that voted to accept the plan to reconsider its vote of acceptance.  *American Solar King Corp.,* 90 B.R. at 824.  That is clearly not the case at hand, given that these modifications should not impede the timing of consummation as presently provided by the Plan.

18.    Moreover, the Debtors' major creditor and equity constituents, including each official committee and BofA, as agent for the prepetition secured lenders, have consented to the proposed modifications.  BofA, however, is still in the process of reviewing the proposed modifications and reserves the right to provide additional comments.

## **EMERGENCY CONSIDERATION IS WARRANTED**

19. As reflected in the Notice filed September 10, 2009, the Effective Date Deadline is currently September 25, 2009. Emergency consideration is necessary because GECC has indicated that it will not fund the Exit Facility absent the relief requested herein. Should this Motion not be granted, the Debtors may need additional time to move this Court for a further extension of the Effective Date Deadline and to work with the Noteholder Committee regarding back-up financing.

## **PRAYER**

**WHEREFORE**, the Debtors respectfully request that this Court approve the proposed modifications to the Plan and enter a conforming Confirmation Order. The Debtors also request such other and further relief to which they may be justly entitled.

Dated: September 14, 2009

        Respectfully submitted,

        **VINSON & ELKINS LLP**

        By: /s/ *Paul E. Heath*
           Paul E. Heath, SBT #093555050
           Michaela C. Crocker, SBT #24031985
           Trammell Crow Center
           2001 Ross Avenue, Suite 3700
           Dallas, Texas 75201
           Tel: 214.220.7700
           Fax: 214.999.7787
           pheath@velaw.com
           mcrocker@velaw.com

        and

                    Duston K. McFaul
                    1001 Fannin Street, Suite 2300
                    Houston, Texas 77002
                    Tel:  713.758.2222
                    Fax:  713.758.2346
                    dmcfaul@velaw.com

                    **ATTORNEYS FOR THE DEBTORS**